UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN AMARAL, an individual, and SHANE P. AMARAL, an individual,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>POST FALLS HIGHWAY DISTRICT,<br><br>　　　　Defendant. | Case No. 2:24-cv-00213-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.  INTRODUCTION

Pending before the Court is Defendant Post Falls Highway District's Motion to Dismiss and Motion for an Extension of Time to File Answer. (Dkt. 4). Plaintiffs, Susan and Shane Amaral, are proceeding pro se. Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). As explained below, the Court grants the motion in part and denies it in part.

## II.  BACKGROUND

Susan owns property located at 6667 West Highland Drive in Coeur d'Alene, Idaho. (Dkt. 1-4 at ¶ 1). Her son, Shane, occupies the property. (*Id.* at ¶ 2). Between May and June 2021,

**MEMORANDUM DECISION AND ORDER - 1**

a neighbor—Mr. Bohn—removed a fence, bushes, shrubs, and a boulder from the property, altered a ditch on the property, and plowed a road through the property. (Dkt. 1-4 at ¶ 5).

The Amarals contacted the Highway District in June 2021 and requested a "re-ditching of the right-of-way." (*Id.* at ¶ 7). The Highway District responded that it had sent their request to its legal counsel and that its legal counsel would contact them. (*Id.* at ¶ 8). Later, in July 2021, the Amarals requested public records[1] from the Highway District seeking information regarding whether "any permits granting access" over the property had been approved, and the Highway District responded "no approved approach permit had been granted." (*Id.* at ¶ 9).

Many months later, on April 14, 2022, Shane received a letter from Mr. Bohn containing "an approved approach permit from the [Highway] District to Donna Bohn" allowing her to access the property. (*Id.* at ¶ 13). On May 9, the Amarals submitted another public records request to the Highway District seeking information about the permit. (*Id*. at ¶ 14). In response, they received copies of the approved permit, an indemnification agreement, and an email to Shane from the Highway District's legal counsel, dated about eleven months earlier on June 29, 2021. (*Id.*). The Amarals alleged that "on or about May 9, 2022," they learned the Highway District had a board meeting on October 7, 2021, at which the permit and the indemnification agreement were "discussed publicly, voted on, and passed by the [Highway] District." (*Id.* at ¶ 15).

According to the Highway District, the Amarals filed a notice of tort claim under the Idaho Tort Claims Act ("ITCA"), Idaho Code §§ 6-901 – 6-929, on December 22, 2023. Then, on

---

[1] The Amarals allege their public records request was under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. FOIA requests, however, are limited to federal agencies. At the state level, the Amarals likely submitted a request under Idaho's Public Records Act. Idaho Code §§ 74-101 – 74-127.

**MEMORANDUM DECISION AND ORDER - 2**

April 5, 2024, they filed this action against the Highway District alleging: (1) claims under 42 U.S.C. § 1983 for violations of their due process and equal protection rights and for an unconstitutional taking of their property without just compensation (Dkt. 1-4 at ¶¶ 24-25); (2) state law tort claims for defamation, slander, and mental anguish based on the comments of Highway District employees during the October 7, 2021, board meeting (*id.* at ¶¶ 26-27); and (3) various statutory violations under I.C. §§ 74-205, 74-404, 74-502. (Dkt. 1-4 at ¶ 28).

In response, the Highway District moves to dismiss all the Amarals' claims. It asserts both their § 1983 claims and their state law claims are barred by the applicable statute of limitations. Further, the Highway District argues the Amarals' state law claims fail because their notice of tort claim was not timely under the ITCA. The Amarals filed a non-substantive "response/ objection" to the motion.[2] (Dkt. 11).

### III. LEGAL STANDARD

A motion to dismiss is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure if the pleadings fail to state a claim on which the court can grant relief. A court's inquiry under Rule 12(b)(6) "is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). To state a claim, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

---

[2] After the Highway District replied to the Amarals' objection, the Amarals filed a surreply. (Dkt. 14). Although Local Rule 7.1 does not allow for a surreply and the Amarals did not seek leave to file one, the Highway District does not move to strike the surreply. Regardless, the filing essentially reiterates the complaint's allegations.

**MEMORANDUM DECISION AND ORDER - 3**

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 does not require detailed factual allegations, it demands more than an unadorned accusation that the defendant harmed the plaintiff. *Iqbal*, 556 U.S. at 678. Courts construe pro se pleadings liberally and give pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

### IV.  ANALYSIS

#### A.  § 1983 Claims

The Highway District asserts the applicable statute of limitations bars the Amarals' § 1983 claims. Section 1983 provides:

> [E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. A plaintiff must use § 1983 to seek relief if he has no cause of action directly under the United States Constitution. *Azul-Pacifico, Inc. v. City of Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992). Reliance on § 1983 is proper when a plaintiff alleges, as in this case, violations of the Due Process Clause, the Equal Protection Clause, and the Takings Clause. *See, e.g.*, *Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 187 (2019) (addressing alleged wrongful taking under § 1983).

**MEMORANDUM DECISION AND ORDER - 4**

Section 1983 does not contain a statute of limitations. *Flynt v. Shimazu*, 940 F.3d 457, 461 (9th Cir. 2019). For purposes of § 1983 actions, federal courts borrow state statutes of limitations for personal injury actions. *Nance v. Ward*, 142 S. Ct. 2214, 2225 (2022) ("[A]ll § 1983 suits must be brought within a State's statute of limitations for personal-injury actions."). In Idaho, personal injury actions have a two-year statute of limitations. Idaho Code §§ 5-219(4); *see Gibson v. Ada Cnty.*, 133 P.3d 1211, 1219 (Idaho 2006).

While state law governs the statute of limitations in § 1983 actions, federal law governs *when* the statute of limitations accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). A § 1983 claim "accrues when the plaintiff knows or *has reason to know* of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000) (emphasis added). "The primary question . . . is when did [the plaintiffs] know or have reason to know of the injury of which they complain?" *Id.* at 1154. "It is knowledge of having been caused injury . . . that starts the running of the statute of limitations." *Gibson v. Ada Cnty.*, No. CV-08-203-S-BLW, 2008 WL 4889895 *2 (D. Idaho Nov. 12, 2008) (quoting *Morales*, 214 F.3d at 1154).

Here, the Highway District argues the Amarals' § 1983 claims are time-barred. It notes the Amarals allege that "on October 7, 2021, the District violated [their] 14th Amendment right to Due Process and Equal Protection" (Dkt. 1-4 at ¶ 11); "[o]n October 7, 2021, the District held a Board meeting, aired live on [F]acebook, and lied about, slandered and defamed [Shane]" (*id.* at ¶ 12); and they "claim the issuance of the approach permit . . . on October 12, 2021, constitutes an illegal taking of property without due process."[3] (Dkt. 4-1 at p. 2). Accordingly, the Highway

---

[3]    The Amarals do not specifically allege the approach permit was issued on October 12, 2021. Presumably, the Highway District relies on this date because it apparently issued the permit

**MEMORANDUM DECISION AND ORDER - 5**

District argues October 7, 2021, is the accrual date of the Amarals' § 1983 claims because that is when "the operative decision was made," namely when the Highway District decided to issue the permit. (Dkt. 4-1 at p. 6).

In support of this argument, the Highway District cites *RK Adventures Inc. v. City of Seattle*, 307 F.3d 1045 (9th Cir. 2002). In that case, RK Adventures challenged the City's actions to enforce a public nuisance ordinance and alleged § 1983 claims, which were subject to a three-year statute of limitations. *Id.* at 1050. In October 1994, the City sent letters to RK Adventures advising that the City intended to hold an abatement hearing against RK Adventures. *Id.* at 1053. The City held that hearing on November 14, 1994. *Id.* Exactly three years later, on November 14, 1997, RK Adventures sued the City under § 1983. *RK Adventures Inc.*, 307 F.3d at 1053.

The Ninth Circuit affirmed the district court's decision that RK Adventures' § 1983 claims accrued in October 1994 when RK Adventures received notice of the impending abatement hearing and that the statute of limitation ran three years after that notice in October 1997. *RK Adventures Inc.*, 307 F.3d at 1058. It explained that "the City's decision to institute formal abatement hearings, and *its notice to [RK Adventures] of that decision* was the 'operative decision' for purposes of triggering the § 1983 statute of limitations." *RK Adventures Inc.*, 307 F.3d at 1058 (emphasis added); *see also Del. State College v. Ricks*, 449 U.S. 250, 258 (1980) ("[T]he only alleged discrimination occurred—and the filing limitations periods therefore commenced—at the time the tenure decision was made and *communicated* to Ricks." (emphasis added)); *Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008) (holding claim accrues when plaintiff

---

on that date after the October 7 meeting approving the permit. Although the Highway District alternatively argues the Amarals' § 1983 claims accrued on October 12, the Court does not need to resolve this issue.

**MEMORANDUM DECISION AND ORDER - 6**

*discovers* actual injury) (citing *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995) ("A plaintiff's action accrues when he discovers that he has been injured, not when he determines that the injury was unlawful.").

The Highway District's reliance on *RK Adventures* is misplaced. That case is distinguishable because, unlike this case, RK Adventures did not assert it was unaware of the City's hearing which triggered the statute of limitations. In contrast, the Amarals allege that they did not learn about the approach permit until April 14, 2022, when Shane received a copy of it from Mr. Bohn and that they did not learn about the meeting at which the Highway District considered and approved the permit until May 9, 2022, when they received the Highway District's response to their public records request. (Dkt. 1-4 at ¶ 14).

As previously noted, a § 1983 cause of action accrues when "the plaintiffs know or have reason to know of the injury that is the basis of their action." *RK Adventures*, 307 F.3d at 1058. Under this rule, the two-year statute of limitations on the Amarals' § 1983 claims ran—at the earliest on April 15, 2024—two years after they allegedly learned of the approach permit's existence. Accordingly, the Amarals timely asserted their § 1983 claims before that date—on April 8, 2024.

### B. State Common Law Claims

The Highway District also argues the ITCA bars the Amarals' state law claims because they failed to file a timely notice of tort claim. The ITCA provides that "all claims against a political subdivision arising under the provisions of this act . . . shall be presented to and filed with the clerk or secretary of the political subdivision within one hundred eighty (180) days from the date the claim arose or reasonably should have been discovered, whichever is later." I.C. § 6-906. The Highway District is a political subdivision covered by the ITCA. *Curl v. Indian Springs*

**MEMORANDUM DECISION AND ORDER - 7**

*Natatorium, Inc.*, 550 P.2d 140, 143 (Idaho 1976) (holding claims against highway districts are subject to ITCA).

The Idaho Supreme Court has determined that all claims for damages—tort or otherwise—against a political subdivision must comply with the ITCA's procedural requirements, including its notice requirement. *Scott Beckstead Real Estate Co. v. City of Preston*, 216 P.3d 141, 144 (Idaho 2009). The Idaho Supreme Court binds this Court on issues of state law. *Brown v. City of Caldwell*, 769 F. Supp. 2d 1256, 1259-60 (D. Idaho 2011) (applying *Beckstead*, 216 P.3d at 144). Because the Amarals do not allege they timely filed a notice of tort claim with the Highway District and because the Highway District contends they did not file that notice until December 22, 2023—significantly beyond the ITCA's 180-day requirement—the ITCA bars the Amarals' state law tort claims for defamation, slander, and mental anguish.

### C. Statutory Violations

Although the Highway District purports to move to dismiss "all claims" against it (Dkt. 4 at p. 1), it does not specifically address the Amarals' allegations in paragraph 28 of their complaint that the Highway District violated various statutes. (Dkt. 1-4 at ¶ 28). Those allegations include that the Highway District violated: (1) an open meeting law regarding written meeting minutes, *see* I.C. § 74-205; (2) an ethics in government law relating to a public official's conflict of interest, *see* I.C. § 74-404; and a prohibition against a public officer having an interest in a contract, *see* I.C. § 74-502. (Dkt. 1-4 at ¶ 28).

To the extent the Highway District's motion asserts the Amarals' failure to file a notice of tort claim under the ITCA bars these claims, the Highway District does not cite any authority in support of that proposition, and this Court has not located any such authority. Rather, the statutory violations the Amarals allege do not appear to create a claim for relief for the recovery of damages.

**MEMORANDUM DECISION AND ORDER - 8**

Regardless, the Amarals' single sentence regarding the Highway District's alleged statutory violations fails to comply with Rule 8 because it lacks adequate factual allegations for the Court to reasonably infer the Highway District is liable for violating the statutes cited. *See Iqbal*, 556 U.S. at 678 (ruling claim fails to comply with Rule 8 if factual allegations are insufficient to draw reasonable inference defendant is liable for misconduct alleged). Accordingly, the Court dismisses the Amarals' alleged statutory violations in paragraph 28 of their complaint without prejudice and grants them leave to amend their complaint to assert claims for the violations, if plausible.

### D.    Deadline for Filing an Answer

The Highway District moves for an extension of time to answer the Amarals' complaint until after the Court rules on the Highway District's motion to dismiss. (Dkt. 4 at p. 2). Ordinarily Rule 12(a) of the Federal Rules of Civil Procedure provides that if a court denies a motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). Because the Court grants the Amarals leave to amend their complaint, however, the Court will extend the Highway's fourteen-day deadline under Rule 12(a)(4)(A) to answer the complaint, as noted below.

## V. ORDER

The Court HEREBY ORDERS:

1. The Court **DENIES** the Highway District's Motion to Dismiss (Dkt. 4) as to the Amarals' claims under § 1983.

2. The Court **GRANTS** the Highway District's Motion to Dismiss (Dkt. 4) as to the Amarals' state common law claims for defamation, slander, and mental anguish. Those claims are dismissed **with prejudice**.

**MEMORANDUM DECISION AND ORDER - 9**

3. The Court **GRANTS** the Highway District's Motion to Dismiss (Dkt. 4) as to the Amarals' claims for statutory violations. Those claims are dismissed **without prejudice,** and the Amarals may amend their complaint to reallege the claims within **fourteen (14) days** of this decision's issuance.

4. The Highway District shall answer either the Amarals' amended complaint, or if none is filed, then their original complaint within **twenty-eight (28 days)** of this decision's issuance.

DATED: December 03, 2024

Amanda K. Brailsford
U.S. District Court Judge