PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE B. BRERETON, ISBA #9583
kbrereton@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN AMARAL, and individual, SHANE P. AMARAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>POST FALLS HIGHWAY DISTRICT,<br><br>Defendant. | Case No. 2:24-cv-00213-AKB<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

Defendant Post Falls Highway District, by and through its attorneys of record Peter C. Erbland and Katharine B. Brereton of Lake City Law Group PLLC, hereby submits this Memorandum in Support of its Motion for Summary Judgment.  A concise Statement of Facts ("SOF") accompanies this Memorandum.

### I.   INTRODUCTION

This case arises out of the District's issuance of a field approach permit to Donna and Randall Bohn to access Highland Drive, a public highway lying within the jurisdiction of the Post Falls Highway District (the "District"). Plaintiffs allege the issuance of this field approach permit

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1**

to the Bohns denied certain constitutional rights because Susan Amaral claims ownership of a portion of property of Highland Drive, which she claims is outside the public right-of-way.

## II.     RELEVANT PROCEDURAL HISTORY

Plaintiffs filed their Complaint in state court on April 5, 2024, alleging claims pursuant to 42 U.S.C. § 1983 for the violation of their right to Due Process and violation of the Equal Protection Clause, and claims for the taking of property in violation of the Idaho Constitution, defamation, mental anguish, and violations of certain provisions of the Idaho Code. Dkt. 1-4. In the Complaint, Plaintiffs sought monetary damages, revocation of a permit, and for the Court to order Defendant to initiate a road validation. *Id*. The case was removed to federal court by Defendant on April 25, 2024, and Defendant filed its motion to dismiss on May 14, 2024. Dkt. 1, 4. The Court entered the Order granting Defendant's motion in part and denying it in part on December 3, 2024. Dkt. 16. As a result of that Order, only Plaintiffs' claims based on federal law remain. *Id*.

## III.    STANDARD OF REVIEW

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is well established that the purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc).

In considering a motion for summary judgment, the Court must consider the facts in the light most favorable to the non-moving party, unless the non-moving party's version of those facts

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2**

is "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Once the moving party has met its burden, the burden shifts to the non-moving party who must then present evidence showing there is a genuine issue for trial. *Celotex*, 477 U.S. at 323. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, … affidavits or declarations, … or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute…" Fed. R. Civ. P. 56(c)(1)(A) and (B). The "mere existence of a scintilla of evidence" in support of the non-moving party's position is not sufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Although all reasonable inferences which can be drawn from the evidence must be drawn in a light most favorable to the non-movant, *T.W. Electrical Services, Inc., v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-31 (9th Cir. 1987), the Court is not required to adopt unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988). Likewise, factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Liberty Lobby*, 477 U.S. at 248. "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit. The materiality of a fact is thus determined by the substantive law governing the claim or defense." *T.W. Electrical Services*, 809 F.2d at 630.

## IV. ARGUMENT

Section 1983 provides a cause of action against every person who, under color of law, subjects, or causes to be subjected, another person "to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws". 42 U.S.C. § 1983 The purpose of 42 U.S.C. § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3**

federally guaranteed rights and to provide relief to harmed parties. *See Wyatt v. Cole*, 504 U.S. 158, 161 (1992). For a plaintiff to succeed on a § 1983 claim, the plaintiff must establish the violation of a right secured by the Constitution or a federal statutory law, and that such deprivation occurred under color of state law. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

"A person deprives another 'of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). "In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury." *Bearchild v. Cobban*, 947 F.3d 1130, 1150 (9th Cir. 2020) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)). "To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Id*.

Only those who "represent the state in some capacity, whether they act in accordance with their authority or misuse it", are proper defendants in a § 1983 case. *National Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 191 (1988) (internal citations and quotations omitted). There are important principles underlying the constitutional distinction between state action and purely private conduct. "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982). Likewise, the state action requirement prevents the government from being held liable for the conduct of private parties for which it cannot be fairly blamed. *Id*. The state action requirement "reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments.'" *Id* (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)).

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 4**

A.   **Plaintiffs Cannot Establish An Unconstitutional Taking of Property.**

Although not artfully set forth in their Complaint, Plaintiffs allege the District committed a Taking of Property when it issued an approach permit to Randy and Donna Bohn. Mrs. Bohn owns real property located at 707 S Jasper Rd., Coeur d'Alene, Kootenai County, Idaho. SOF, ¶ 1. This property is in Section 18, Township 50 North, Range 4 West, as reflected by the plat map. SOF, ¶ 1; Brereton Decl., Ex. G. Susan Amaral owns real property immediately north of Mrs. Bohn's property, located at 6667 W Highland Dr., Coeur d'Alene, Kootenai County, Idaho. SOF, ¶ 2; Brereton Decl. Exs. G, I. This property is in Section 7, Township 50 North, Range 4 West, Kootenai County, Idaho, excluding the public right-of-way. *Id*. Ms. Amaral claims ownership of a segment of property lying south of Highland Drive, which she claims is outside the public right-of-way.

Plaintiffs have seemingly alleged the District violated Article 1, §§ 1 and 14 of the Idaho Constitution by issuing the approach permit, but have not cited the Fourteenth Amendment as a basis for the Takings claim. A claim solely premised upon the alleged violation of the Idaho Constitution is not actionable. *Sommer v. Elmore Cty.*, 903 F. Supp. 2d 1067, 1074 (D. Idaho 2012); *see also Baker v. McCollan*, 443 U.S. 137, 144, n.3, (1979) (Section 1983 "is not itself a source of substantive rights," but merely provides "a method for vindicating federal rights elsewhere conferred."). However, the Court previously construed Plaintiffs' Takings claim as alleged pursuant to 42 U.S.C. § 1983, and so, for purposes of this motion, Defendant will assume Plaintiffs have alleged a Takings claim based upon the guarantees of the U.S. Constitution.

The Takings Clause of the Fifth Amendment, as applied to the States through the Fourteenth Amendment, provides that "private property shall not be taken for public use, without just compensation." *Knick v. Twp. of Scott*, 588 U.S. 180, 184 (2019). The government commits a

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 5**

taking when it "physically takes possession of property without acquiring title to it." *Cedar Point Nursery v. Hassid*, 594 U.S. 139, 147 (2021). A property owner has a claim for a violation of the Takings Clause as soon as a government takes property for public use without paying for it. *Knick*, 588 U.S. at 185. The essential question in a takings case "is whether the government has physically taken property for itself or someone else—by whatever means—or has instead restricted a property owner's ability to use his own property." *Cedar Point Nursery*, 594 U.S. at 149. To state a claim under the Takings Clause, a plaintiff must establish that: (1) they own "private property" as contemplated under the Takings Clause; (2) the private property was taken for "public use"; and (3) the taking entity did not pay "just compensation" for it. *Zeyen v. Bonneville Joint Dist.*, 114 F.4th 1129, 1139 (9th Cir. 2024).

The Ninth Circuit recently considered "what 'private property' means under the Takings Clause", recognizing that "private property" for claims under the Takings Clause has "a narrower meaning than in other legal contexts". *Id*. at 1141. "[T]o be cognizable under the Takings Clause, a constitutionally protected property right must be vested." *Id*. "'To determine whether a property interest has vested for Takings Clause purposes, the relevant inquiry is the certainty of one's expectation in the property interest at issue,' since the court must determine whether the government could 'remove or modify the right without committing a constitutional taking.'" *Id* (quoting *Bowers v. Whitman*, 671 F. 3d 905, 913 (9th Cir. 2012)). The "essential characteristics of private property, also known as the 'bundle' of property rights, include the right to possess, use, exclude, transfer, enjoy, and dispose." *Id*. at 1142 (citing *Horne v. Dep't of Agriculture*, 576 U.S. 351, 361-62 (2015)).

Roads laid out and recorded as highways are highways. 1893 Idaho Sess. Laws § 1, p. 184 (now codified as I.C. § 40-202(3)); s*ee also Trunnell v. Fergel*, 153 Idaho 68, 71, 278 P.3d 938,

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 6**

941 (2012). On January 23, 1896, the Kootenai County Board of Commissioners approved Road No. 102, Jellum Road, in Township 50 North, Range 4 West, as a public road. SOF, ¶ 4; Brereton Decl., Ex. J.. This road was laid out by the viewers, one of whom was a surveyor (William Ashley, Jr.), traversing several sections of property in this Township and Range. SOF, ¶ 4; Brereton Decl., Ex. J. Jellum Road is laid out in Section 7 and Section 18 east to west along the common section line between the north boundary of Section 7 and the south boundary of Section 18. SOF, ¶ 4-5; Lenz Decl., Ex. B; Brereton Decl., Ex. J.  Exhibit B to the Declaration of Michael Lenz is a depiction from the Kootenai County Road Map Book showing the portion of Road 102, Jellum Road, lying between Sections 7 and 18, depicting it as following the section line.

Consistent with this depiction, the Viewer's Report indicates that property owners M. R. Shelton and C. W. Browne dedicated to Kootenai County the right-of-way in Section 7, and E. N. Jellum and S. Price dedicated the right-of-way in Section 18. SOF, ¶ 5; Lenz Decl., Exs. A, B; Brereton Decl., Ex. J. There would have been no purpose for a dedication of right-of-way from the Section 18 owners if the right-of-way was situated outside their parcels. Further, the 2024 Ace Solutions survey retracing the 1896 road as laid out by the Viewers in 1895 verifies that the map in the Kootenai County Road Map Book is accurate and the public road as laid out and dedicated to the public followed the section line between Section 7 and Section 18. SOF, ¶ 6; Brereton Decl., Ex. J.  As such, the public road was laid out in 1895 along the shared section line between the Section 7 and Section 18 properties, a portion of which is now owned by Ms. Amaral in Section 7. *Id*.

Under Idaho law, unless otherwise shown, it is presumed a property owner abutting a public right-of-way owns to the centerline of the way.  I.C. § 55-308.  "'[W]hen land is dedicated as a street for public use, the landowner owns to the center of the street and the public acquires an

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 7**

easement, not a title in fee simple.'" *Nampa Highway Dist. No. 1 v. Knight*, 166 Idaho 609, 619, 462 P.3d 137, 147 (2020) (quoting *Neider v. Shaw*, 138 Idaho 503, 507, 65 P.3d 525, 529 (2003)). "A public street or highway is free to all persons who choose to travel over it, whether they be abutting property owners, residents of the municipality, the county, the state, or of a foreign state, with the exception only[] that the abutting property owner has the additional right of ingress and egress." *Foster's v. Boise City*, 63 Idaho 201, 212, 118 P.2d 721, 725 (1941).

The Bohns applied to the District for an approach permit to W. Highland Drive for property situated in Section 18. SOF, ¶¶ 1, 9. The District was aware of the field approach and Google Earth aerials confirmed the approach, with the clearest aerial showing its existence in 2009, before Ms. Amaral purchased her property. SOF, ¶¶ 2, 10. This field approach existed prior to the District's adoption of an Access Management Ordinance in 2019. SOF, ¶ 10. As a courtesy to the District, the Bohns applied for a field approach permit to document the location and use of the approach. SOF, ¶¶ 8-9.

Ms. Amaral claims that by issuing the permit, the District authorized the Bohns to trespass upon her property. This is neither factually nor legally supported. The approach permit expressly stated in its general terms that it did not authorize the use of any third party's property to approach the right-of-way. SOF, ¶ 11; Lenz Decl., Ex. D. As such, nothing in the permit allowed for public use of Ms. Amaral's property outside the public right-of-way.

Given that the public right-of-way as granted in 1895 was for a public road along the section line, the District complied with Idaho precedent in granting the approach permit to an abutting property. Furthermore, the approach was grandfathered under the approach permit ordinance, SOF, ¶ 7, and any rights the Bohns had to approach Highland Drive existed irrespective of the approach permit.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 8**

Plaintiffs have not identified an expert that supports their position that the Bohns are crossing Ms. Amaral's property outside the granted public right-of-way. Absent such evidence, their claims are unsupported by any admissible evidence. Likewise, Plaintiffs have not presented any determination, ruling, or finding from a court that the Bohns are trespassing, or have trespassed, upon Ms. Amaral's property, or that the Bohns are using, or have used, any portion of Ms. Amaral's property outside the granted public right-of-way.

Here, Plaintiffs have failed to demonstrate that the issuance of an approach permit that allows a person to approach a public road at a certain location within the District's established public right-of-way constitutes a taking on behalf of the public of any property interest of Ms. Amaral.  To the contrary, the approach permit issued by the District to the Bohns did not give the Bohns the right to perform acts outside the public right-of-way, and Plaintiffs have failed to show by expert testimony that the Bohns have approached Highland Drive utilizing property other than the public right-of-way. The approach permit allowed the Bohns to approach from their parcel to the public right-of-way, and no evidence demonstrates otherwise. Thus, the District did not take Ms. Amaral's real property for a public use, and summary judgment should be granted in favor of Defendant on Plaintiffs' Takings claim.

Additionally, all claims brought by Shane Amaral should be dismissed as a matter of law. It is undisputed that Susan Amaral is the sole owner of the real property located at 6667 W. Highland Drive.  "Property rights are created by the State." *Palazzolo v. Rhode Island*, 533 U.S. 606, 626 (2001). Title to real property in Idaho can be acquired by a transfer in writing called a grant, a conveyance, or a bill of sale. I.C. § 55-505. A transfer of real property must be made by an instrument in writing, subscribed by the party disposing of the same. I.C. § 55-601. The name of the grantee and the grantee's complete mailing address must appear on such instrument. *Id*.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 9**

Plaintiffs have merely alleged that Shane Amaral is an occupant of the property located at 6667 W. Highland Drive, and not an owner. Dkt. 1-4. Records of Kootenai County only identify Susan Amaral as the owner of the property located at 6667 W. Highland Drive. Brereton Decl., Ex. H. Thus, Shane Amaral has no vested property interest under Idaho law. It is axiomatic that a plaintiff must be able to prove that they, in fact, have a vested interest in the property which they allege has been subject to an unconstitutional taking. 114 F.4th at 1142. Therefore, the District is entitled to summary judgment on Shane Amaral's Takings claim.

**B.      Plaintiffs' Claim For The Violation Of Their Due Process Rights Fails.**

Plaintiffs claim that the District denied Susan Amaral, the owner of the property, and Shane Amaral, an occupant of the property, their right to Due Process when they were excluded from "any and all communications and meetings regarding granting of permit through owner's private property". Dkt. 1-4 at 5; Dkt. 14 at 3.

The Fourteenth Amendment's Due Process Clause provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. "The Due Process Clause protects individuals against two types of government action: violations of substantive due process and procedural due process." *United States v. Quintero*, 995 F.3d 1044, 1051 (9th Cir. 2021) (cleaned up). "'[S]ubstantive due process' prevents the government from engaging in conduct that 'shocks the conscience' or interferes with rights 'implicit in the concept of ordered liberty'". *United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 2101 (1987) (internal quotations and citations omitted). Procedural due process mandates procedural safeguards to constrain governmental actions that result in the deprivation of individuals' liberty or property interests protected under the Due Process Clause. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976).

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 10**

A claim under either substantive or procedural due process requires that the plaintiff specify a protected interest of which it has been deprived. *See American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59, 119 S. Ct. 977 (1999) ("The first inquiry in every due process challenge is whether the plaintiff has been deprived of a protected interest in 'property' or 'liberty.'"). Whether a person has a "property" interest is traditionally a question of state law. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430, 102 S. Ct. 1148 (1982). To prevent the Constitution from becoming "a font of tort law", courts require a plaintiff to demonstrate a constitutionally protected interest with specificity. *Paul v. Davis*, 424 U.S. 693, 700-01 (1976). "A person's interest in a benefit is a 'property' interest for due process purposes if there are such rules or mutually explicit understandings that support his claim of entitlement to the benefit and that he may invoke at a hearing." *Perry v. Sindermann*, 408 U.S. 593, 601 (1972).

    **1.**    **Plaintiff Shane Amaral Has No Protected Interest Under State Law.**

As set forth above, Shane Amaral has no ownership interest in the property located at 6667 W. Highland Drive. Plaintiffs have pointed to no source of law which identifies any protected interest for due process purposes that Shane Amaral would have as a mere occupant of the property. Because Shane Amaral cannot establish any protected property interest, his claim for violation of his Due Process rights fails as a matter of law.

    **2.**    **The District's Issuance of an Approach Permit Did Not Violate Plaintiff Susan Amaral's Right to Substantive Due Process.**

The Takings Clause (and corresponding Due Process Clause) of the Fifth Amendment "provides an explicit textual source of constitutional protection" against "private takings", such that the Fifth Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" in reviewing Plaintiffs' takings claim. *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see also Armendariz v. Penman*, 75 F.3d 1311, 1325-26 (9th Cir. 1996) (en banc) ("Substantive

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 11**

due process analysis has no place in contexts already addressed by explicit textual provisions of constitutional protection, regardless of whether the plaintiff's potential claims under those amendments have merit."). Thus, Plaintiff Susan Amaral cannot state a separate claim for the violation of substantive due process.

> 3. **The District's Issuance of an Approach Permit Did Not Violate Plaintiff Susan Amaral's Right to Procedural Due Process.**

A procedural due process claim requires the existence of a protected liberty of property interest, deprivation of the interest, and lack of process. *See Guatay Christian Fellowship v. County of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011). To succeed on a procedural due process claim, the plaintiff must establish two "distinct elements": (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Brewster v. Bd. of Educ. of the Lynwood Unified Sch. Dist.*, 149 F.3d 971, 982 (9th Cir. 1998). Because the District did not deprive Susan Amaral of any property interest, she was owed no procedural due process.

Susan Amaral claims she was unaware of the issuance of the permit, and claims she was entitled to be made aware of such permit. This is the same claim made in *Shanks v. Dressel*, 540 F.3d 1082 (9th Cir. 2008). The Ninth Circuit characterized such a claim as an unusual one. *Id*. at 1090. Assuming, without deciding, that a person might be entitled to notice as a third-party beneficiary of an ordinance, the Ninth Circuit held that unless the controlling ordinance contained mandatory language that significantly constrained the decision-maker's discretion to issue a permit, no procedural due process was owed to a third party. *Id.* at 1090. The same is true here. The Access Management Ordinance contains no such mandatory language. Lenz Decl., Ex. C. Nor does it dictate a right for a third party to be heard on an approach permit. *Id*. For these reasons, Defendant is entitled to summary judgment on Plaintiff Susan Amaral's claim for the alleged violation of procedural due process.

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 12**

C.   **There Is No Cognizable Claim For a Violation of the Equal Protection Clause.**

Plaintiffs contend that Defendant denied them Equal Protection under the law by excluding them from communications pertaining to the Bohn's approach permit. Plaintiffs' have failed to provide any factual or legal basis to substantiate a viable Equal Protection claim, and the claim must be dismissed. The Due Process Clause provides an explicit textual source of constitutional protection against the type of conduct complained of by Plaintiffs, and the Equal Protection claim is nothing more than a Due Process claim dressed in equal protection clothing. *Albright v. Oliver*, 510 U.S. 266, 273 (1994); *see Teixeira v. Cty. of Alameda*, 822 F.3d 1047, 1052 (9th Cir. 2016). The claim for a violation of the Equal Protection Clause is entirely duplicative of the due process claim, and for these reasons, Plaintiffs' Equal Protection Clause claim must be dismissed. *Id*.

D.   **Plaintiffs Cannot Prove the Essential Elements of a *Monell* Claim.**

To hold a municipality liable for an alleged constitutional violation requires more than mere employment of a tortfeasor. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-92 (1978). The Supreme Court recognized that the language of § 1983 only imposes liability when "some official policy 'causes' an employee to violate another's constitutional rights." *Id*. at 692.

When a § 1983 claim is asserted against a municipality, the Court is required to analyze two separate issues: "(1) whether the plaintiff's harm was caused by a constitutional violation, and (2) if so, whether the city is responsible for that violation." *Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992). In *Monell*, the Supreme Court held that a municipal defendant cannot be held liable absent "action pursuant to an official municipal policy of some nature [which causes] a constitutional tort." *Monell v. Dept. of Social Services*, 436 U.S. 658, 691 (1978). A *Monell* claim against a municipality may be stated under three theories of liability: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 13**

amount to a local government policy of deliberate indifference to constitutional rights; or (3) when a local government official with final policymaking authority ratifies a subordinate's unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249-50 (9th Cir. 2010), *overruled in part on other grounds by Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1069 (9th Cir. 2016).

This requires a plaintiff to prove not only that the plaintiff possessed a constitutional right and was deprived of that right, but also that the municipal policy was the moving force behind the constitutional violation. *Collins*, 503 U.S. at 123; *Monell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378 (1989). "Official policy" may include a "longstanding practice or custom which constitutes the 'standard operating procedure of the local government entity." *Ulrich v. City & County of San Francisco*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989)). But "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policy maker." *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-34 (1985).

A municipality cannot be held liable under § 1983 absent an underlying constitutional violation by its officer. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Although municipal officials who have "final policymaking authority" may by their actions subject the government to liability, *Pembaur v. Cincinnati*, 475 U.S. 469, 483 (1986), municipal liability cannot be predicated upon *respondeat superior* or vicarious liability theories. *Monell*, 436 U.S. at 691; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Generally, a municipality will only be subject to § 1983 liability for failing to train its employees where that failure evidences a "deliberate indifference" to the rights of the inhabitants,

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 14**

and such shortcoming can be properly thought of as a city "policy or custom." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989). "'[D]eliberate indifference'" is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Connick v. Thompson*, 563 U.S. 51, 61 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown.*, 520 U.S. 397, 409 (1997)). A showing of simple or even heightened negligence will not suffice. *Bryan Cnty.*, 520 U.S. at 407. "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train. *Connick*, 563 U.S. at 62 (quoting *Bryan Cnty.*, 520 U.S. at 409). Additionally, to rise to the level of "deliberate indifference," policymakers must continue to adhere "to an approach that they know or should know has failed to prevent tortious conduct." *Id*.

Whether an official has final policymaking authority is a question of state law. *Pembaur*, 475 U.S. at 483. "As with other questions of state law relevant to the application of federal law, the identification of those officials whose decisions represent the official policy of local government is a legal question to be resolved by the trial judge before the case is submitted to the jury." *Jett*, 491 U.S. at 737. In making this determination, the Court must consider state and local law, and the "'custom or usage' having the force of law." *Id.* (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988)).

However, before the Court can determine whether an official has final policy making authority, there must be a showing of connection between the "policy" and the "inadequate training." *Tuttle,* 471 U.S. at 822-23. Thus, in order for Plaintiffs to establish a connection between a policy and inadequate training, they must show that there was a course of action consciously chosen from among various alternatives. *Id.* at 823. This is a hard task because "it is difficult to

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 15**

accept that someone pursues a 'policy' of 'inadequate training,' unless evidence can be adduced which proves that the inadequacies resulted from conscious choice — that is proof that the policymakers deliberately chose a training program which would prove inadequate." *Id.*

Plaintiffs have not set forth *any* facts demonstrating that a governmental policy or unofficial custom inflicted the injury of which they complain. *Monell*, 436 U.S. at 690. Plaintiffs' claims against the District not only fail because they cannot establish an underlying constitutional violation, but the claims also fails because Plaintiffs have no evidence that a District policy was the moving force behind a constitutional violation. As such, all of Plaintiffs claims against the District must be dismissed.

## V.    CONCLUSION

For the reasons set forth herein, Defendant is entitled to summary judgment on all of Plaintiffs' claims. Defendant respectfully requests for the Court to grant its motion for summary judgment and dismiss all of Plaintiffs' claims with prejudice.

DATED this 31st day of July, 2025.

        LAKE CITY LAW GROUP PLLC

        /s/ *Katharine B. Brereton*
        KATHARINE B. BRERETON

        *Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 31st day of July 2025, I filed the foregoing electronically through the CM/ECF system,

AND I FURTHER CERTIFY that the foregoing was served on the following non-CM/ECF registered participants in the manner indicated below:

*Plaintiffs, pro se*:

| | |
|---|---|
| Susan M. Amaral<br>305 E. 13th Ave.<br>Post Falls, ID  83854 | ☒ Email:  smamaral@hotmail.com |
| Shane P. Amaral<br>6667 W. Highland Dr.<br>Coeur d' Alene, ID  83814 | ☒ Email:  shaneamaral36@gmail.com |

/s/ *Katharine B. Brereton*
Katharine B. Brereton

**MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 17**