PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE B. BRERETON, ISBA #9583
kbrereton@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN AMARAL, and individual, SHANE P. AMARAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>POST FALLS HIGHWAY DISTRICT,<br><br>Defendant. | Case No. 2:24-cv-00213-AKB<br><br>**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

In support of Defendant's Motion for Summary Judgment, Defendant asserts the following material facts as to which there is no genuine issue:

1. Donna Bohn owns real property located 707 S Jasper Rd., Coeur d'Alene, Kootenai County Idaho.  This property is in Section 18, Township 50 North, Range 4 West, Kootenai County, Idaho.  Brereton Decl., Exs. F, G.

2. Susan Amaral owns real property immediately to the north of Mrs. Bohn's property, located at 6667 W. Highland Drive, Coeur d'Alene, Kootenai County, Idaho. This property is in

**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1**

Section 7, Township 50 North, Range 4 West, Kootenai County, Idaho, excluding the public right-of-way, which she acquired in 2016. Brereton Decl., Exs. H, I.

3. The Post Falls Highway District was created in 1971 following a statutory consolidation of several highway districts in Kootenai County into four highway districts. W. Highland Drive lies within the jurisdiction of the District. Lenz Decl., ¶ 3.

4. W. Highland Drive was laid out and accepted as a public right-of-way on January 23, 1896, by the Kootenai County Board of Commissioners, and was then known as Road No. 102, Jellum Road. This road was laid out by the viewers, one of whom was a surveyor (William Ashley, Jr.), traversing several sections of property in this Township and Range. Lenz Decl., ¶ 4, Ex. A.

5. As laid out, Jellum Road followed the common boundary line between Sections 7 and Section 18, Township 50 North, Range 4 West, Kootenai County, Idaho. Consistent with this depiction, the Viewer's Report indicates that property owners M. R. Shelton and C. W. Browne dedicated to Kootenai County the right-of-way in Section 7, and E. N. Jellum and S. Price dedicated the right-of-way in Section 18. Lenz Decl., ¶¶ 4, 5, Exs. A, B.

6. Ace Solutions surveyed the original Jellum Road alignment and the survey was recorded May 10, 2024, as Instrument No. 2968088000, in Book 32, Page 828, Records of Kootenai County, Idaho, confirming that Jellum Road right-of-way as laid out and dedicated in 1896 followed the common boundary line between Susan Amaral's property and the parcel for which the Bohns applied for an approach permit. As originally laid out, the south half of the Jellum Road right-of-way was situated on the parcel for which the Bohns applied for an approach permit, and the north half of Jellum Road right-of-way was situated on the parcel Susan Amaral owns, with the common boundary line being the centerline of the road. There was no gap between the section line and public right-of-way. Brereton Decl. Ex. J.

**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2**

7. In 2019, the District enacted an Access Management Ordinance to control access to its rights-of-way. Any pre-existing accesses were deemed non-conforming and had grandfathered rights to continue to an existing access for the purposes pre-existing enactment of the ordinance. Lenz Decl., ¶ 6, Ex. C.

8. To assist with accurate District records, parcel owners who had pre-existing accesses were requested to submit access permits to the District and any permit fee was waived. Lenz Decl., ¶ 6.

9. On June 29, 2021, Donna and Randall Bohn applied for an approach permit for an existing field approach to W. Highland Drive. Lenz Decl., ¶ 7, Ex. D.

10. The District determined through discussions with staff and a review of Google Earth aerial imagery that the field approach pre-existed the ordinance, with a fairly clear image of the approach shown on 2009 imagery. Lenz Decl., ¶ 8, Ex. E.

11. The issued permit included general conditions, one of which stated, "It shall be the Permittee's responsibility to determine the limits of the right-of-way. This permit covers operation in the right-of-way only, and the Permittee is responsible for any of his actions off the right-of-way to the abutting property owners." Lenz Decl., Ex. D.

12. Susan Amaral applied to the District to conduct a road validation pursuant to Idaho Code § 40-203A to validate the portion of W. Highland Drive adjacent to her parcel because she claims doubt exists as to the location of the public right-of-way. The statute allows the District to charge a reasonable fee, as determined by the commissioners, to cover the cost of the proceedings. Ms. Amaral requested that the District waive the fee. The Board of Commissioners denied this request. Ms. Amaral did not petition to validate W. Highlands Drive, and she failed to pay the required fee to initiate the proceeding. Lenz Decl., ¶ 9.

**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3**

DATED this 31st day of July, 2025.

        LAKE CITY LAW GROUP PLLC

        <u>/s/ *Katharine B. Brereton*</u>
        KATHARINE B. BRERETON

        *Attorney for Defendants*

**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 4**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 31st day of July, 2025, I filed the foregoing electronically through the CM/ECF system,

AND I FURTHER CERTIFY that the foregoing was served on the following non-CM/ECF registered participants in the manner indicated below:

*Plaintiffs, pro se*:

| | |
|---|---|
| Susan M. Amaral<br>305 E. 13th Ave.<br>Post Falls, ID  83854 | ☒ Email:  smamaral@hotmail.com |
| Shane P. Amaral<br>6667 W. Highland Dr.<br>Coeur d' Alene, ID  83814 | ☒ Email:  shaneamaral36@gmail.com |

/s/ *Katharine B. Brereton*
Katharine B. Brereton

**DEFENDANT'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 5**