PETER C. ERBLAND, ISBA #2456
perbland@lclattorneys.com
KATHARINE B. BRERETON, ISBA #9583
kbrereton@lclattorneys.com
LAKE CITY LAW GROUP PLLC
435 W. Hanley Avenue, Suite 101
Coeur d'Alene, ID  83815
Telephone: (208) 664-8115
Facsimile: (208) 664-6338

*Attorneys for Defendant*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN AMARAL, and individual, SHANE P. AMARAL, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>POST FALLS HIGHWAY DISTRICT,<br><br>Defendant. | Case No. 2:24-cv-00213-AKB<br><br>**DECLARATION OF MICHAEL LENZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

STATE OF IDAHO    )
                 :ss.
County of Kootenai    )

MICHAEL LENZ, being first duly sworn upon oath, deposes and states:

1.    I am an adult Citizen of the United States, am competent to testify to the matters stated herein, and make this declaration based on my own personal knowledge.

2.    I am the Director of Highways for the Post Falls Highway District (the "District"). As the Director of Highways, I am responsible for discharging those duties imposed by statute on the Director of Highways and any other duties delegated by the Board of Commissioners.

**DECLARATION OF MICHAEL LENZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1**

3.     The Post Falls Highway District was created in 1971 following a statutory consolidation of several highway districts in Kootenai County into four highway districts. W. Highland Drive lies within the jurisdiction of the District.

4.     The road now known as W.  Highland Drive was created as a public road by the order of the Kootenai County Board of Commissioners. Attached hereto as Exhibit A is a true and correct copy of the Plat of Survey approved by the Kootenai County Board of Commissioners on January 23, 1896, for Road No. 102, Jellum Road, now known as W. Highland Drive.

5.     Attached hereto as Exhibit B is a true and correct copy of portions of the Kootenai County Road Map Book, including the cover page, the Road Index page showing Jellum Road and the Road Map Page for Township 50 North, Range 4 West depicting Jellum Road.

6.     In 2019, the District adopted an Access Management Ordinance to better document and control access to its rights-of-way. A true and correct copy of the ordinance is attached hereto as Exhibit C. Any approach pre-existing the creation of the ordinance was deemed non-conforming with grandfathered rights. *See* Exhibit D, Section A.7. However, to assist in accurate records for the District, the District has asked its members to apply for approach permits for grandfathered approaches and waived the permit fee for those members who cooperated with its request.

7.     On June 29, 2021, Donna and Randall Bohn applied for an approach permit for an existing field approach. A true and correct copy is attached hereto as Exhibit D.

8.     Through discussions with District staff and review of Google Earth aerial imagery, the District verified that there was a field approach to Highland Drive that pre-existed the ordinance. The clearest image of the field approach was a 2009 Google Earth aerial image where the field approach is clearly visible. A true and correct copy of this aerial image is attached hereto

**DECLARATION OF MICHAEL LENZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 2**

as Exhibit E. Comments have been added to this aerial photograph to assist the Court in understanding features of the aerial image.

9.      Susan Amaral applied to the District to conduct a road validation pursuant to Idaho Code § 40-203A to validate a portion of W. Highland Drive adjacent to her parcel because she claims doubt exists as to the location of the public right-of-way. The statute allows the District to charge a reasonable fee, as determined by the commissioners, to cover the cost of the proceedings. Ms. Amaral requested that the District waive the fee. The Board of Commissioners denied this request. Ms. Amaral did not petition to validate W. Highlands Drive, nor did she pay the required fee to initiate the proceeding.

I declare under penalty of perjury pursuant to the laws of the state of Idaho that the foregoing is true and correct.

DATED this 31st day of July, 2025.

/s/ *Michael Lenz*
MICHAEL LENZ

**DECLARATION OF MICHAEL LENZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3**

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on the 31st day of July, 2025, I filed the foregoing electronically through the CM/ECF system,

AND I FURTHER CERTIFY that the foregoing was served on the following non-CM/ECF registered participants in the manner indicated below:

*Plaintiffs, pro se*:

Susan M. Amaral                          ☒ Email:  smamaral@hotmail.com
305 E. 13th Ave.
Post Falls, ID  83854

Shane P. Amaral                          ☒ Email:  shaneamaral36@gmail.com
6667 W. Highland Dr.
Coeur d' Alene, ID  83814

/s/ *Katharine B. Brereton*
Katharine B. Brereton

**DECLARATION OF MICHAEL LENZ IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 4**

# EXHIBIT A



102

PLAT OF SURVEY.

Road No. 102

Selway Road

T. 5 N. R.4 W.B.M.

Filed in my office this 24

day of July 1896

County Clerk

Deputy

1219   ROAD VIEWER'S REPORT,                                    Class ▮

*For Sale by Geo. D. Barnard & Co., Prs., St. Louis.*

**IN THE MATTER OF THE PETITION OF**

E. N Jellum

Lewis Pike

and others for _laying out_ of a Public Road.

To the Hon. Board of County Commissioners _of Kootenai_ County.

The undersigned, having been appointed by you to view the proposed route of Road after having been sworn according to law did proceed to lay out said Road as follows, beginning at _a point on the West line of section 12 Township 50 North Range 5 West thence East on ¼ line, thence through a ravine being the most practicall route and ascend the hill side to the South line of sec 7 thence follow said line East as near as practicall thence through Sections 8 & 17, thence through the North part of sec 16 thence Southeasterly through section 15._ ———

We found the the route as described in the order to be impracticabl on the South line of section 12, T 50, N R 5 W and have located a route a shown on plat

All consent to give the right of way except Mr Cotton; who has not been to see where the road was laid and would not sign the release until he has looked the ground over
This statement is made this 23rd day of April 1896

William Lahley Jr.

Co ▮ ▮

Ending at _the Cougar Creek Road in Section 15 T 50 N. R 4 W._

We estimate the damage to the following named land owners through whose land said Road will run as follows:

| NAMES OF OWNERS | Damaged | NAMES OF OWNERS | Damaged |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

And your Viewers would respectfully refer, for further description of the route of said road, to the plat thereof filed with this report.

And your Viewers would further report that the following named persons have consented in writing to give the right of way for said road, over lands owned by them, as herein specified, which relinquishments have been filed herewith on

| OWNER'S NAME | Length in Rods | Width in Feet | PART OF SUB-DIVISION | Sec. | Twp. | Rge. |
|---|---|---|---|---|---|---|
| Mrs Fanny Colgate | 80 | 25 | SO¼, SW¼ | 12 | 50 | 4W |
| Mrs C. A. Worden | 232 | 60 | S.E.¼ | 12 | 50 | 4W |
| M A Shelton | 103 | 50 | W¼, SW¼ | 7 | 50 | 4W |
| E W Bronne | 160 | 25 | E¼, SW¼, W¼ S.E.¼ | 7 | 50 | 4W |
| E N Jellum | 120 | 25 | NW¼ | 18 | 50 | 4 |
| Lewis Price | 120 | 25 | NE¼ | 18 | 50 | 4 |
| W. A. Grant | 28 | 50 | NW¼ | 17 | 50 | 4 |
| James Horan | 128 | 50 | S½ SE¼ sw 7, N½ NE¼ | 18 | 50 | 4 |
| E Caldwell | 180 | 50 | NW¼ | 15 | 50 | 4W |
| Sam Amder | 148 | 50 | NW¼ of SE¼ v NE¼ of SW¼ | 18 | 50 | 4 |
| E Hawley | 188 | 60 | SW¼ | 8 | 50 | 4 |

And your Viewers would report that the following named persons, through whose land said road runs do not consent to give the right of way, and claim damages as below set out.

| NAMES | Length in Rods | Width in Feet | PART OF SUB-DIVISION | Sec. | Twp. | Rge. | Damages Claimed |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

Your Viewers would further report that they have estimated the cost of opening said road at $900.00

Three Hundred Dollars, and have also estimated the cost of all bridges that may be needed on said road at_____Dollars.

(State whether, in their opinion, the proposed road will be of great public utility or not.)

We think the road is needed and should be built can be opened by road poll tax.

All of which is respectfully submitted.

# PLAT OF SURVEY,

Road No.



Scale................................................to one mile.

*I hereby certify that the above is an accurate plat of said road.*

2395.    PLAT OF SURVEY FOR COUNTY ROAD.    For Sale by Geo. O. Barnard & Co., Pre., St. Louis.    CLASS 2.

# PLAT OF SURVEY,

Road No. 1



T. 50. N.

R. 4 W.    R. 4. W.    1

8    9

17    16

Scale_____to one mile.

*I hereby certify that the above is an accurate plat of said road.*

2395.    PLAT OF SURVEY FOR COUNTY ROAD.    For Sale by Geo. D. Barnard & Co., Pres., St. Louis.    Class 2.

# PLAT OF SURVEY,

Road No.



Scale _44_ " to one mile.

I hereby certify that the above is an accurate plat of said road.

*William Ashley Jr.*

*Co. Surveyor.*

Field notes of the survey
of the Jellum Road;
Begin at a point on the Green Ferry Road
on the West line of section 12 T. 50. N. R. 5. W.
thence East on ½ line between the N. & S. half
of the S. W. ¼ of said section
Va 21° 30' East
set stake marked J. R. 1. P. from which
a pine tree 24" bears South 22° East marked
J. R. 1. P. B. T. 111 links distant from stake

| | | |
|---|---|---|
| East | 20.33 Chains set stake marked J. R. △ 1 thence | |
| N 55° E | 16.82 " | " " 2 " |
| N 40¾ E | 5.39 " at base of hill | " 3 " |
| S 59¾ E | 8.69 " up ravine " | " 4 " |
| N 82° E | at 3.45 chains pond of water 7.00 chains creek can be | |
| | obtained creel bars good road bed | |
| | 11.37 Chains set stake marked J. R. △ 5 thence | |
| S 77¾ E | 6.85 " | " 6 " |
| N 3¾ E | 5.80 " to head of ravine | " 7 " |
| S 54¾ E | 3.15 " " | " 8 " |
| S 5° E | at 2.02 chains set 1 mile post mark & Tie ties | |
| | J. R. 1. M.  BT 30 lk ½ right of line | |
| | 8.16 Chains set stake marked J. R. △ 9 thence | |
| S 18¾ E | 1.70 " | " 10 " |
| S 62¾ E | 2.43 " | " 11 " |
| N 67¾ E | 4.95 " | " 12 " |
| S 12¾ E | 2.35 " | 13 " |
| N 78¾ E | 4.17 " | " 14 " |

| | |
|---|---|
| S 48 E | 2.16 Chains set stake marked J.R.△ 16 thence |
| S 20 E | 2.84 " " " " " " 16 " |
| S 34 W. | 5.25 " " " " " " 17 " |
| S 10½ E | 10.56 to section line thence follow line 18 " |
| ast | S.W. corner to sec. 7. 8.70 chains West |
| ast | at 30.75 ½ South side of 7. |
| | at 37.45 chains set 2 mile post a pine tree 24" bear |
| | S 30° West 76 links distant marked J.R. 2 M.B.T. |
| | at 21 chains creek course S.E. |
| | 60.50 Chains set stake marked J.R. △ 19 thence |
| | around point |
| S 75° E | 4.21 Chains set stake marked J. R. △ 20 |
| S 86 E | 11.94 " " " " " " 21 " " |
| N 52 E | 5.13 " " " " " " 22 " |
| N 70½ E | 10.15 " " " " " " 23 " |
| S 86½ E | 8.94 " " " " " " 24 " |
| S 54½ E | 1.94 " " " " " " 25 " |
| S 68½ E | 1.94 " " " " " " 26 " |
| S 86 E | 7.72 " " " " " " 27 " |
| | ¼ corner South side of sec 8 bear S 12 E 2.00 chains dist |
| S 8 ½ E | 3.69 Chains set a stake marked JR △ 28 thence |
| S 80 E | at 1.51 3 mile post mark a pine JR.3 M. B.T. 30 links L. |
| | 9.55 Chains set stake marked JR. △ 29 thence |
| S 82½ E | 10.04 " " " " " " 30 " |
| S 87½ E | 6.34 " " " " " " 31 " |
| S 81½ E | at 10 chains cross fence |
| | at 10.80 " " " sec corner to 8. 9. 17 x 16 bear |

north 4.90 chains

|  |  |  |
|---|---|---|
| | 16.54 | Chains set stake marked J.R. △ 32, thence |
| S 70° E | 23.83 | "    "    "    "    "    "    33    " |
| S 85½ E | 8.67 | jot 5.44 set 4 mile post mark a fir tree oak bt life 34 " |
| N 82 E | 8.67 | Chains set stake marked   J.R. △ 35 " |
| S 72½ E | 5.73 | "    "    "    "    J.R. △ 36 " |
| S 70½ E | 19.55 | "    "    "    "    J.R. △ 37 " |
| S 80½ E | 5.21 | "    "    "    "    J.R. △ 38 " |
| S 57¾ E | 8.61 | "    "    "    "    39    " |
| S 42 E | 2.06 | "    "    "    "    40    " |
| S 88½ E | 4.00 | "    "    "    "    41    " |
| S 78½ E | 2.02 | intersect traveled road and follow same 42 " |
| S 46½ E | 3.36 | observed graded road    43    " |
| S 57 E | 2.64 | "    "    "    "    44    " |
| S 63¾ E | 4.00 | "    "    "    "    45    " |
| S 57½ E | 10.86 | "    "    "    "    46    " |
| S 86 E | 7.74 | "    "    "    "    47    " |
| S 77½ E | 2.12 | at 1.03 set 5 mile post to lht 4 mark a |
| | | pine tree 10 lk to right of line |
| East | 2.89 | Chains set stake marked JR △ 49 " |
| S 48 E | 9.75 | JR △ 50 " |
| S 52½ E | 13.53 | "    "    "    "    J.R. T.P. from |

which a pine tree 10" bears N 35 E 48 links distant

marked J.R. T.P. BT, end the road at the

intersection of the Cougar Creek Road

Survey completed April 4th 1895

William Ashley Jr.

Co. Surveyor.

VIEWER'S
OF A ROAD BE

Cost Bill of the survey of
the Jellum Road

| | | |
|---|---|---|
| George Scott | viewer 1 day | 3.00 |
| Thomas Norris | " 1 | 3.00 |
| E. M. Jellum | flagman 2 " | 4.00 |
| C. A. Grant | axeman 1 " | 2.00 |
| Edward Jacobs | chainman 2 | 4.00 |
| Stanley Jellum | " 2 | 4.00 |
| William Ashley Jr | surveyor 2 | 10.00 |
| | plot & notes 2 | 10.00 |
| | 20 miles mileage @ 40¢ | 8.00 |

# EXHIBIT B



Old County Road Book
1888-1946

NUMBER-INDEX
COUNTY ROADS
KOOTENAI COUNTY
IDAHO

# Number-Index of County Roads, Kootenai County, Idaho

| NO. | NAME | WHEN SURVEYED | WHEN DECLARED HIGHWAY | Commissioner's Record BOOK | PAGE | REMARKS |
|---|---|---|---|---|---|---|
| | | | | | | Co. Surveyor |
| 93 | Athol Road | 4-6-1904 | 4-11-1904 | | | W. H. Edelblute |
| 94 | Rutherford " | 12-10-1898 | 1-9-1899 | | | Wm Ashley |
| 95 | Waggoner " | | 7-7-1903 | | | W. H. Edelblute |
| 96 | Mullan " | | 4-11-1896 | | | Wm Ashley |
| 97 | Green " | 4-18-1896 | 4-20-1896 | | | " " |
| 98 | Plenskie " | | 1-13-1896 | | | " " |
| 99 | Steele " | 4-10-1896 | 4-11-1896 | | | " " |
| 100 | Travis Road Change | 10-31-1895 | 1-13-1896 | | | " " |
| 101 | Sellum " " | 11-8-1895 | 1-13-1896 | | | " " |
| 102 | " Road | 4-4-1895 | 4-24-1895 | | | " " |
| 103 | Ext. of State Line Road | 9-10-1896 | 10-14-1896 | | | " " |
| 104 | Wilde " | 3-19-1896 | 4-11-1896 | | | " " |
| 105 | Nelson " | 10-24-1895 | 1-13-1896 | | | " " |
| 106 | Dunn " | | 7-27-1903 | | | W. H. Edelblute |
| 107 | Hedenstrom " | 1-3-1906 | 1-15-1906 | | | " " |
| 108 | Foley " | 1-4-1906 | 1-15-1906 | | | " " Rejected 1-18-1906 |
| 109 | Lyons " | 11-3-1905 | 1-15-1906 | | | " " |
| 110 | Fernan " | 11-8-1893 | 11-11-1893 | | | Wm Ashley |
| 111 | Dickerson " | 8-31-1894 | 10-10-1894 | | | " " |
| 112 | White " | 10-8-1894 | 10-13-1894 | | | " " C. White appointed by Ashley to do the sur |
| 113 | Travis " | 7-25-1894 | 10-13-1894 | | | " " |
| 114 | Eike " | | 4-30-1900 | | | J. C. White |
| 115 | Loff Bay " | | 4-20-1900 | | | " " |
| 116 | Russell " | | 7-23-1900 | | | " " |
| 117 | Green " | 5-30-1894 | 7-11-1894 | | | Wm Ashley |
| 118 | Hudlow " | 5-8-1894 | 7-11-1894 | | | " " |
| 119 | Roger " | 5-13-1894 | 7-11-1894 | | | " " |
| 120 | State Line " resurvey | 3-19-1894 | 4-9-1894 | | | " " T50N R6W-13-24-25 |
| 121 | Barr Road | 5-8-1894 | 7-11-1894 | | | " " |
| 122 | Glasspole " | 4-8-1903 | 4-21-1903 | | | W. H. Edelblute |
| 123 | St. Joe River " | | 1-1-1892 | | | J. S. Beltz |
| 124 | Sherwood " | 1-29-1900 | 2-23-1900 | | | J. C. White |
| 125 | St Maries " | | 9-8-1892 | | | A. D. Robinson |
| 126 | Wallman " | 7-16-1908 | 7-27-1908 | | | W. H. Edelblute |
| 127 | Cougar Creek " #R | 6- 1904 | 7-30-1904 | | | " " " |
| 128 | Killarney " | 12-30-1905 | 1-15-1906 | | | " " " |
| 129 | Cataldo " #1 | 11-9-1908 | 11-10-1908 | | | " " " |
| 130 | Foltz " | 3-30-1909 | 4-12-1909 | | | H. B. Wright |
| 131 | Hubler " | 3-29-1909 | 4-12-1909 | | | " " |
| 132 | Leonard " | 10-28-1903 | 1-20-1904 | | | W. H. Edelblute |
| 133 | Reid " | 4-22-1903 | 9-10-1903 | | | O. L. Sheffield |
| 134 | Edelblute " | | 1-14-1903 | | | Wm Ashley |
| 135 | Ferrel " | 4- 1903 | 8-17-1905 | | | W. H. Edelblute |
| 136 | Cougar Gulch " | 10-28-1903 | 1-22-1904 | | | " " " |
| 137 | Thorn Creek " | | 3-30-1905 | | | " " " never built. |
| 138 | Spring " | 10-25-1904 | 10-26-1904 | | | Wm Ashley |

Township 30 North, Range 4 W B. M., Kootenai County, Idaho



# EXHIBIT C

# POST FALLS HIGHWAY DISTRICT
## ACCESS MANAGEMENT ORDINANCE
### Ordinance No. 2019-01

BY THE BOARD OF HIGHWAY DISTRICT COMMISSIONERS
OF
KOOTENAI COUNTY, IDAHO

AN ORDINANCE ADDRESSING ACCESS MANAGEMENT TO MAINTAIN A SAFE
FLOW OF TRAFFIC, REDUCE CONGESTION, REDUCE POINTS OF CONFLICT,
IMPROVE TRAVEL TIMES, PRESERVE HIGHWAY CAPACITY, AND
IMPROVE HIGHWAY SAFETY

**Section I.    Purpose**

WHEREAS, the purpose of this ordinance is to formalize regulations for road approaches to highways and public rights-of-way within Post Falls Highway District's jurisdiction.    The Board of Commissioners finds enactment of this ordinance is necessary to ensure uniform procedures for its access management regulations for highway and public right-of-way approaches, and to reduce road congestion or safety problems for users of highways and public rights-of-way.

WHEREAS, in accordance with the jurisdiction and authority of Post Falls Highway District, the Board of Commissioners of Post Falls Highway District finds that it is in the best interest of the owners of real property within Post Falls Highway District to provide clear and consistent access management regulations to owners of properties abutting highways and public rights-of-way, and to address and control access for properties which do not abut a highway or right-of-way.

NOW THEREFORE, BE IT ORDAINED by the Board of Highway District Commissioners of Post Falls Highway District as follows:

**Section II.    Applicability**

This Ordinance shall apply to all properties abutting highways or rights-of-way or properties seeking direct access or common connections to highways or public rights-of-way within the boundaries of the Post Falls Highway District, and to properties that do not abut a highway or public right-of-way which seek access.

**Section III.   Conformance**

The location and design of driveways and access management

conditions shall conform to all federal, state, Kootenai County Associated Highway District Standards and Post Falls Highway District requirements, including and not limited to those established in this Ordinance. Further, the requirements of this Ordinance are not a substitute or displacement of the zoning, subdivision and site plan approval requirements of Kootenai County, but are imposed to control access approaches to adjacent highways and public rights-of-ways which are within the exclusive jurisdiction of Post Falls Highway District.

**Section IV.   Definitions**

Access:   A way or means of approach to provide vehicular or pedestrian entrance or exit to a property onto the adjacent highway or public right-of-way, including any driveway, street, turnout or other means of providing for the movement of traffic to or from the highway or right-of-way.

Access Management: The process of providing and managing reasonable access to property while preserving the flow of traffic in terms of safety, capacity, and speed.

Driveway: Any entrance or exit used by vehicular traffic to or from land abutting a highway or public right-of-way which serves a lot or parcel.

Driveway, Shared: A driveway connecting two to four lots or parcels to the highway or public right-of-way.

Nonconforming Access: Features of the access of a property that existed prior to the effective date of this Ordinance and that do not conform with the requirements of this Ordinance.

Private Road:  A private way which provides vehicular access to more than four parcels of land.

Reasonable Access:  The minimum number of access connections, direct or indirect, necessary to provide access to and from a highway or public right-of-way, as consistent with the purpose and intent of this Ordinance.

Highway:  As defined in Idaho Code § 40-109(5) or successor code section.

Public Right-of-Way:  As defined in Idaho Code § 40-117(9) or successor code section.

**Section V.  Standards and Requirements**

    **A.**    **Access Requirements**

        **1.**    **Approach Permit**

An approach permit from Post Falls Highway District is required for all accesses to a highway or public right-of-way within Post Falls Highway District.  When property approaching a highway or public right-of-way changes from one use to another or expands the use, including but not limited to increasing the number of lots or parcel served by the access, application shall be made to the Post Falls Highway District for approval of the change in use and issuance of a new approach permit.  Permitted approaches shall be recorded and shall run with the land.  The Director of Highways may impose reasonable conditions on the issuance of an approach permit, including but not limited to a right turn lane taper.

        **2.**    **Access Requirements**

a. Driveways should be limited to one per property except as set forth herein for shared driveways. More than one driveway on a single parcel may be permitted if:

    i. the additional driveway(s) does not degrade traffic operations and safety on highways and public rights-of-way; and

    ii. the additional driveway(s) will improve the safe and efficient movement of traffic between the property and the highway or public right-of-way.

b. Driveways to property with frontage on two or more roads shall be provided to the road with the lowest functional classification serving the proposed use of the property.

c. Property with frontage on two or more roads does not have the right to driveways to all roads.

d. Driveways may be required to be located so as to provide shared driveways with an abutting

property or properties.

e. Shared driveways shall be of sufficient width to accommodate two way travel for automobiles and service and loading vehicles.

f. A shared driveway or a private road requires a recorded easement or a recorded covenant running with the land which provides the right to use the shared driveway or the private road to the lots or parcels served by the shared driveway or private road. A recorded maintenance agreement is required for a shared driveway or a private road.

g. Approach permits granted for access shall designate the type of use (residential, commercial or industrial) and identify the lots or parcels for which the approach is permitted. Additional lots or parcels may not utilize the permitted approach unless a new approach permit is issued by Post Falls Highway District.

3.   **Driveway Spacing Standards**

The Kootenai County Associated Highway District Standards addressing required driveway spacing establishes the minimum standard for driveway spacing. Post Falls Highway District may require approaches that meet or exceed this spacing standard.

4.   **Driveway Design**

The Kootenai County Associated Highway District Standards addressing required driveway construction establishes the minimum standard for driveway construction. Shared approaches shall have a paved approach to the highway or public right-of-way which meets the Kootenai County Associated Highway District Standard for a "Typical Rural Road Section" unless the Director of Highways grants an exception to this requirement.

5.   **Driveway Movements**

Driveway movements (cross, left turn in, left turn out, right turn in, and right turn out) may be restricted so as to provide for the safe and efficient movement of traffic between the highway

or public right-of-way and the property.

Each driveway is to be designed and constructed to provide only the allowable movements and to physically discourage prohibited movements as determined by the Director of Highways.

6.    **Minor Subdivisions**

Minor subdivisions of four or fewer lots approved by Kootenai County after the effective date of this Ordinance shall be permitted one reasonable access for the newly created lots to the adjacent highway or public right-of-way.  The subdivision shall not be entitled to the maximum accesses based upon the number of lots abutting the highway or public right-of-way. The location of the access shall be as determined by the Post Falls Highway District, with weight given to locating the approach in a location to facilitate a shared approach with current or future approaches.

Access shall be provided to the road with the lowest functional classification serving the proposed subdivision unless otherwise approved by the Director of Highways.

7.    **Non-Conforming Access**

Any existing driveway or private road access which exists as of the date of this ordinance may continue to serve the existing parcel(s) which existed at the time of this Ordinance.  When a property owner of a property whose access is provided by an existing, non-conforming driveway or driveways or private road as of the effective date of this Ordinance changes the use of the property, or increases the volume or character of traffic using an existing driveway or road approach, a new approach permit is required, and the approach shall be required to conform to this Ordinance.  The new permit may require improvements or a change in location of the existing approach. Additional residences on a property or increased commercial use of an access is considered a change in use.

B.    **Submittal of Plans**

Any person seeking a proposed subdivision of land whereby two, but not more than four, lots are created shall at the time of subdividing the property submit an approach permit application to Post Falls Highway District, together with all necessary plans required by Post Falls

Highway District, indicating the proposed location and construction specifications for the proposed common access driveway. A road approach application review fee shall be paid in an amount as set forth by resolution of the Board of Commissioners.

C.    **Issuance or Denial of Permit; Appeal**

1.    If the applicant objects to the denial of a permit or the conditions of the permit, the applicant may appeal to the Board of Commissioners within twenty-one (21) days of the date of the denial or issuance the permit.

2.    If the applicant does not appeal, the denial of the permit or the condition(s) of the permit are final.

3.    No appeal will be considered after the applicant begins construction of the permitted approach.

4.    The appeal shall be submitted to the Board of Commissioners and include the following:

a.    an explanation of why the applicant seeks a change in the decision; and

b.    any conditions for the approach permit proposed by the applicant.

5.    The appeal shall be accompanied by an appeal fee as set forth by Board by separate resolution.

D.    **Savings Clause**

If any section, subsection, sentence, clause, phrase or portion of this ordinance is, for any reason, held to be invalid or unconstitutional by any court of competent jurisdiction, such portion shall be deemed a separate, distinct, independent provisions and such holding shall not affect the validity of the remaining portions thereof.

E.    **Adoption**

This Ordinance shall take effect and be in full force upon its passage,

approval, and publication in summary in one (1) issue of the *Coeur d'Alene Press*.

ADOPTED this _16th_ day of ~~September~~ November, 2019.

POST FALLS HIGHWAY DISTRICT
BOARD OF COMMISSIONERS

_____
Todd Tondee

_Present via electronic device_
Lynn Humphreys

_____
Terry Werner

ATTEST:

_____
Shirley Walson, District Clerk

# EXHIBIT D

PFHD PERMIT #: 21-0955                                    BUILDING PERMIT #: _____



## POST FALLS HIGHWAY DISTRICT
## APPLICATION FOR APPROACH/DRIVEWAY PERMIT



The application expires 90 days from date of issuance. If work is not completed to Highway District's standards within that time, applicant may request a 90-day extension; otherwise, the application will be considered void. This is an application only and will be considered a permit when the work is completed.

### LOCATION OF WORK

PARCEL/AIN#: __50N04W-18-2100 ; AIN 137359_____

ADDRESS: _immediately west of 6732 Highland Dr_____

DIRECTIONS: _____
_____
_____

The applicant is given permission to construct the following item(s) on highway right-of-way, subject to compliance with the provisions of the Highway District Policy.

### TYPE OF APPROACH

_____ SINGLE FAMILY RESIDENCE

_____ MULTIPLE RESIDENCE                 # SERVED: _____

_____ BUSINESS                           TYPE: _Field Approach, existing_____

_____ TEMPORARY LOGGING ACCESS           REMOVAL DATE: _____

__X__ OTHER                               DESCRIPTION: _____

The undersigned certifies that he/she is the owner or authorized representative of the owner of the proposed facility or property to be served and agrees to do the work in accordance with the rules and regulations of the HIGHWAY DISTRICT, and the undersigned certifies that he/she has read and understands the provisions on the attached "General Provisions" sheet.

NAME OF APPLICANT: _Donna J Bohn & Randall J. Bohn_ DATE: 6.29.21

APPLICANT'S ADDRESS: _707 S. Jasper Rd. CdA 83814_ PHONE: 208.651.8522

SIGNATURE OF APPLICANT: _____ EMAIL: _RandallBohn@yahoo_

---

### THIS PORTION IS COMPLETED BY THE HIGHWAY DISTRICT
### APPROACH SPECIFICATIONS

CULVERT REQUIRED _____ YES _____ NO

CULVERT SIZE _____ 12" X 40' _____ OTHER: _____

CULVERT TYPE: CORRUGATED METAL

MAILBOX TURNOUT REQUIRED _____ YES _____ NO

SPECIAL CONDITIONS: Must comply with Highway District Standard Approach Policy, ID Code 49-221 and the General Provisions as issued with permit.

_* 36' west of Field Approach is a culvert - Do not obstruct or change the flow of drainage pipe *_

The Applicant shall contact the one call utility locating service and comply with all other requirements imposed upon an excavator pursuant to §55-2201, Idaho Code, et seq., and make every possible effort to have all utilities located.

Upon completion of said work herein contemplated, Grantee **shall notify** the District that the project is completed and ready for final inspection. All rubbish and debris shall be removed, and the roadway and roadside shall be left neat and presentable to the satisfaction of the Highway District. Installation must be inspected and approved by the District Supervisor or his representative.

|  PERMIT |  | FINAL PERMIT |
|---|---|---|
| APPROACH MUST BE COMPLETE BY: | | APPROVED DATE: 10/12/2021 |
| DIRECTOR OF HIGHWAYS: | | REJECTED DATE: _____ |
| DATE: 10/12/2021 | | CORRECTIONS: _____ NO _____ YES, SEE ATTACHED. |
| FEE: $125.00   RECEIPT #: N/A | | DIRECTOR OF HIGHWAYS: |
| $125.00 Waived | | |

## GENERAL PROVISIONS

If required by the District Supervisor, the Permittee shall give at least 24 hours advance notice prior to commencing work and at any time in the future when proposed work would restrict the flow of traffic.

During the progress of the work, such barricades, lights, and other traffic control devices shall be erected and maintained as may be necessary or as may be directed for the protection of the traveling public. All barricades, lights, and other traffic control devises and the placement thereof shall conform to the latest Manual on Uniform Traffic Control Devices.

In accepting this permit, the Permittee, its successors and assigns, agree to protect the Highway District, or its agents, and save it harmless from all claims, actions, or damages of every kind and description that may accrue to or be suffered by any person or persons, corporation or property, by reason of the performance of such work, character, or materials used or manner of installation, maintenance and operation, or by the improper occupancy of rights-of-way or public place or public structure, and in case any suit or action is brought against said Highway District, its officers, or agents, for damages arising out of or by reason of any of the above causes, the Permittee, its successors, or assigns will, upon notice to it of commencement of such action, defend the same at its own sole cost and expense, and will satisfy any judgment after said suit of action shall have finally been determined if adverse to the Highway District, its officers, or agents.

Except as herein authorized, no excavation shall be made or obstacle placed within the limits of the highway in such a manner as to interfere with the travel over said road.

Permittee is responsible for any damages to District property or to any property in the right-of-way that is caused by the conduct of the work performed hereunder, Permittee shall restore, to the same condition as existed prior to the work, the travelway and such ditches, structures, and appurtenances necessary for the proper construction and maintenance of the travelway, which have been in any way disturbed or damaged by the work performed hereunder. If the work done under this permit in any manner involves the disturbance of the traveled surface of the road, said portion of the traveled surface of the road shall be restored at the completion of said work to the satisfaction of the District, said surface may be restored by the Highway District at the expense of the Permittee. If trench or pavement settlement should occur, the repairs shall be made by the Permittee as directed by the District Supervisor at no cost to the Highway District. If the work under this permit interferes in any way with the drainage of the highway, the grantee shall wholly and at its own expense make such provisions as the District may direct to take care of the drainage.

All work herein contemplated shall be done to conform with current government and industry standards under the supervision and to the satisfaction of the District Supervisor, and the entire expense of said supervision shall be borne by the parties to whom this permit is issued.

The District Supervisor hereby reserves the right to order the change of location or the removal of any structure or structures authorized by this permit at any time, said change or removal to be made at the sole expense of the party or parties to whom this permit is issued, or their successors and assigns.

All such changes, reconstruction, or relocation by the Permittee shall be done in such a manner as will cause the least interference with any of the District's work, and the Highway District shall in no way be held liable for any damages to the Permittee by reason of any such work by the Highway District, its agents, or representatives, or by the exercise of any rights by the District upon roads, streets, public places, or structure in question.

This permit or privilege shall not be deemed or held to be an exclusive one and shall not prohibit the District from granting other permits or franchise rights of like or other nature to other public or private utilities, nor shall it prevent the District from using any of its roads, streets, or public places, or affect its right to full supervision and control over all or any part of them, none of which is hereby surrendered.

The District Supervisor may revoke, annul, change, amend, amplify, or terminate this permit or any of the conditions herein enumerated if Permittee fails to comply with any or all of its provisions, requirements, or regulations as herein set forth or through willful or unreasonable neglect, fails to heed or comply with notices given, or if the utility herein granted is not installed or operated and maintained in conformity herewith or at all or for any cause or reason whatsoever.

The party or parties to whom this permit is issued shall maintain at his or their sole expense the structure or object for which this permit is granted in a condition satisfactory to the District Supervisor.

In accepting this permit, the Permittee, his successors and assigns, agree that any damage or injury done to the property of the Permittee or any expense incurred by him through the operation of a contractor working for the District or any District employee shall be at the sole expense of the Permittee, his successors, or assigns.

Neither the acceptance of this permit nor anything herein contained shall be construed as a waiver by the Permittee of any rights given it by the Constitution or laws of the State of Idaho or of the United States.

Adequate drawings or sketches shall be included showing the existing and/or planned location of the highway improvements, the traveled way, the rights-of-way lines, and, where applicable, the control of access lines and approved access points.

In doing the work under this permit, Permittee and its contractors, or anyone performing work on behalf of the Permittee, have the primary responsibility for providing for the protection and safety of the traveling public. Acts by the District, in failing to detect or remedy any defect created by Permittee or its contractors or representatives, or in failing to detect or remedy any failure by Permittee or its contractors or representatives to adequately provide for the safety of the traveling public, shall not relieve the Permittee and its representatives of this primary responsibility. Permittee agrees to indemnify the District with regard to any claims arising out of any alleged failure of the District to detect or remedy either defects created by Permittee or its contractors or representatives or failures by Permittee or its contractors or representatives to adequately provide for the safety of the traveling public. Supervision of the project, including instructions as to proper traffic control devices, by the District does not change this primary responsibility and duty to indemnify. Permittee is not obligated, however, to indemnify the District with regard to damages resulting solely from independent acts of negligence by the District, if such acts are independent of conduct by the District in supervising and inspecting the work.

The Highway District makes no representation as to the right-of-way width. It shall be the Permittee's responsibility to determine the limits of the right-of-way. This permit covers operations in the right-of-way only, and the Permittee is responsible for any of his actions off the right-of-way to the abutting property owners.

Sediment and Erosion Control – Comply with the Highway District's sediment and erosion control rules and County Stormwater provisions. Seed all disturbed areas.

# EXHIBIT E



2009 Google Earth aerial of existing field approach

Highland Drive

Bohn approach permit parcel