Susan Marie Amaral
305 E 13th Ave.
Post Falls, ID 83854
smamaral@hotmail.com
(208)215-1412

Shane Partick Amaral
6667 W Highland Dr.
Coeur d'Alene, ID 83814
shaneamaral36@gmail.com
(208)889-0592

*Plaintiffs*

U.S. COURTS

AUG 20 2025

Rcvd____ Filed____ Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SUSAN M. AMARAL, an individual, SHANE P. AMARAL, an individual, <br><br> Plaintiffs, <br><br> vs. <br><br> POST FALLS HIGHWAY DISTRICT, <br><br> Defendants. | Case No. 2:24-cv-00213-AKB <br><br> **PLAINTIFF'S STATEMENT OF MATERIAL FACTS OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT** |

Plaintiffs Susan Amaral and Shane Amaral respectfully submit this Statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The following facts are supported by the record evidence, including the attached exhibits, and demonstrate genuine issues of material fact that preclude summary judgment. All facts are viewed in the light most favorable to Plaintiffs as the non-moving parties. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Plaintiffs incorporate by reference the arguments and evidence cited in their Opposition Memorandum.

1.      Plaintiffs Susan Amaral residing at 305 E 13th Ave., Post Falls, Idaho and Shane Amaral residing at 6667 W Highland Drive, Coeur d'Alene, Idaho have vested property interests in the real property located at 6667 W. Highland Drive, Coeur d'Alene, Idaho (the "Amaral Property"). Susan Amaral is the record owner of the Amaral Property pursuant to a Deed (Ex. 22). Shane Amaral is Susan's son and legal heir under Idaho Code § 15-2-103, with equitable interests arising from his financial contributions, including payment of the mortgage and all maintenance costs, which establish a vested expectancy and protectable property rights under Idaho and federal law. Smith v. Smith, 95 Idaho 477, 480 (1973); Perry v. Sindermann, 408 U.S. 593, 601 (1972); Zeyen v. Bonneville Joint Dist., 114 F.4th 1129, 1141-42 (9th Cir. 2024). These interests include the rights to possess, use, exclude others from, transfer, and dispose of the property.

2.      The Amaral Property consists of approximately 4.9981 acres, as confirmed by property tax records (Ex. 21), which exclude the 50-foot public right-of-way (ROW) along Highland Drive. The disputed segment of land south of Highland Drive, through which the Bohns seek access, lies outside this 50-foot public ROW and is part of Plaintiffs' private property, as established by the legal description (Ex. 7A), survey (Ex. 7B), Amaral Boundary & Highland Drive Right-of-Way documentation (Ex. 7C), plat maps (Brereton Decl., Exs. G, I), Deed (Ex. 22), and Aerial imagery (Ex. 24, https://gis.kcgov.us/app/kcearth/), showing no constructed road or maintenance in the platted area.

3.      Even if the disputed segment was originally platted as part of Road No. 102 (Jellum Road) in 1895, it has been passively abandoned under Idaho law due to decades of nonuse and non-maintenance, vesting ownership in Plaintiffs. Idaho Code § 40-203(5)(c) (abandonment occurs if a road is unused for three years in the prior 15 years or unconstructed for 20 years post-dedication); Lattin v. Adams County, 149 Idaho 497, 502 (2010) (intent to abandon inferred from prolonged inaction); Sun Valley Land & Minerals, Inc. v. Hawkes, 138 Idaho 543, 547 (2003). Aerial imagery (Ex. 24, https://gis.kcgov.us/app/kcearth/) confirms no road was built or maintained at the platted location, and the District's inaction supports abandonment.

4.      The Bohns, neighboring property owners, claimed an existing field approach across the disputed segment of the Amaral Property to access their land. However, no legal basis for such access exists, including no prescriptive easement, deed, license, or other right. Google Earth aerials from 2011-2021 (Exs. 5, 23, https://earth.google.com) show overgrowth, no approach, and alternate access routes used by the Bohns. Witness statements (Exs. 11A-B) contradict the Bohns' claims of open, continuous, and notorious use sufficient for a prescriptive easement

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT                                                                                                           2**

under Idaho law. Idaho Dep't of Lands v. Partlow, 130 Idaho 896, 900 (1997). The Kootenai County Sheriff Deputy O'Neal concluded this was a "civil matter, verified through Mark Jackson's letter" requiring judicial resolution (Ex. 8A), the District's in-house counsel Susan Weeks repeatedly acknowledged it as a civil matter for Plaintiffs to resolve in court (Exs. 9A, 9C), and the Hold Harmless/Indemnification contract "whereas a dispute has arisen," and "should it be determined that Bohn is improperly crossing the Amaral parcel," (Ex. 14C) verifies the District's awareness that this was a private property dispute.

5.  Despite knowing this was a private civil dispute outside their jurisdictional authority under Idaho law (Idaho Code § 40-202; no statutory power to resolve private property disputes), Defendants—a political subdivision of Idaho—intervened to favor the Bohns. On October 6, 2021, the District Board held a meeting (Exs. 3, 16A-B) where, based on unverified information from District Clerk Shirley Walson and advice from in-house legal counsel Susan Weeks, the Commissioners approved a Hold Harmless/Indemnification Contract with the Bohns (Ex. 14C). This contract explicitly referenced the dispute with Plaintiffs ("whereas a dispute has arisen" and "should it be determined that Bohn is improperly crossing the Amaral parcel") and was designed to shield Defendants from liability while resolving the civil matter in the Bohns' favor.

6.  Plaintiffs were not notified of, invited to, or included in the October 6, 2021 meeting or any related discussions, despite the decisions directly affecting their property rights (Dkt. 1-4 at 5; Exs. 3, 16A-B). Director Michael Lenz and in-house legal counsel Susan Weeks were aware of omitted material facts, including Shane Amaral's prior contact with the District (Ex. 2A, 9A), false information presented, and the civil nature of the dispute, but remained silent during the discussions and vote, in violation of due process and Idaho open meeting laws (Idaho Code § 74-401 et seq.). Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (deprivation includes omissions causing harm).

7.  On October 12, 2021, following the meeting and contract approval, Defendants issued a field approach permit to Donna Bohn (Ex. 14B) under the District's 2019 Access Management Ordinance, authorizing permanent access across the disputed segment of the Amaral Property outside the 50-foot ROW. This permit relied on a single 2009 aerial image (Defendants' SOF ¶6; Lenz Decl., Ex. E) and unverified claims, despite Weeks' admissions of uncertainty and potential liability (Exs. 9A, 9C, 14C). The permit's boilerplate provisions (Lenz Decl., Ex. D) disclaiming ROW representations and shifting responsibility to the permittee do not absolve Defendants, as the issuance effectively authorized a physical occupation of Plaintiffs' private property.

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT                                                                                                                      3**

8.      But for Defendants' intervention and permit issuance, the Bohns would have been required to prove their access rights in Magistrate Court, where their claim likely would have failed due to lack of open, continuous, or notorious use (Exs. 5, 23-https://earth.google.com, 11A-B; Partlow, 130 Idaho at 900). Defendants' actions exceeded their authority, deviated from standard practice, and arbitrarily favored the Bohns in a class-of-one violation of equal protection. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). The permit constituted a per se physical taking without just compensation under the Fifth Amendment (incorporated via the Fourteenth Amendment), as it extinguished Plaintiffs' right to exclude and control their land. Cedar Point Nursery v. Hassid, 594 U.S. 139, 149 (2021); Loretto v. Teleprompter Manhattan CATV Corp., 458 U.S. 419, 426 (1982); Horne v. Dep't of Agric., 576 U.S. 351, 361 (2015).

9.      Defendants' actions also violated Plaintiffs' procedural due process rights by depriving them of notice and a meaningful opportunity to be heard (Exs. 3, 9B) before affecting their vested property interests. Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950). The reliance on unverified data despite known risks (Exs. 3, 9A, 9C, 14C) was arbitrary and shocks the conscience, violating substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

10.     Defendants are liable under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978), as the violations resulted from an official policy or longstanding custom of issuing permits without verifying ROW boundaries, notifying affected owners, or providing due process; deliberate indifference to known risks, including failure to train staff on constitutional requirements (Connick v. Thompson, 563 U.S. 51, 61 (2011)); and ratification by final policymakers (Commissioners under Idaho Code § 40-1310) who approved the Hold Harmless Contract and permit despite awareness of the dispute (Ex. 14C; Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986)). This policy was the moving force behind the violations. Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown, 520 U.S. 397, 407 (1997).

11.     Genuine issues of material fact exist, including but not limited to: (a) the boundaries and status of the public ROW (Plaintiffs' evidence of 50-foot limit and abandonment (Exs. 7A-C, 21, 22, 24: Idaho Code § 40-203(5)(c)) vs. Defendants' claims of broader ROW based on 1895 dedication and 2024 survey (SOF ¶¶4-6)); (b) the existence and legality of any pre-existing Bohn approach (Exs. 5, 23-https://earth.google.com, 11A-B showing no use vs. Bohns' claims (Exs. 8A, 14B)); (c) Defendants' knowledge and motive (Exs. 9A, 9C, 14C admitting uncertainty vs. permit issuance); (d) Shane Amaral's protectable interests (heirship and contributions vs.

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT                                                                                                   4**

Defendants' title-only argument); (e) causation (but-for intervention, no access vs. Defendants' disclaimer provisions); and (f) adequacy of training, policy, and process (unilateral action without notice vs. standard ordinance application). These disputes require resolution at trial.

For the foregoing reasons, Defendants' Motion for Summary Judgment must be denied.

Dated this 20th day of August, 2025.

/s/ Susan Amaral
Susan Amaral
305 E 13th Ave, Post Falls, ID 83854
(208) 215-1412

/s/ Shane Amaral
Shane Amaral
6667 W Highland Dr, CDA, ID 83814
(208) 889-0592

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of August, 2025, I caused a true and correct copy of PLAINTIFF'S STATEMENT OF MATERIAL FACTS OPPOSING DEFENDANT'S MOTION FOR SUMMARY JUDGEMENT and supporting documents to be served as follows:
1. **Filed with the Court**: Hand-delivered to the Clerk of the U.S. District Court for the District of Idaho, 6450 North Mineral Drive, Coeur d'Alene, ID 83815.
2. **Served on Defendants' Counsel**: Hand-delivered to Peter C. Erbland and Katharine B. Brereton, Esq., Lake City Law Group, 435 W Hanley Ave., STE 101, Coeur d'Alene, ID 83815, counsel for Defendants Post Falls Highway District.

I certify under penalty of perjury that the foregoing is true and correct.

DATED: August 20, 2025

/s/ Susan Amaral
Susan Amaral, Pro Se
305 E 13th Ave, Post Falls, ID 83854
(208)215-1412